In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00044-CR


______________________________




LAHOWARD D. CHEW, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the County Criminal Court No. 10


Dallas County, Texas


Trial Court No. MA01-41629-L




 




Before Morriss, C.J., Ross and Carter, JJ.


Opinion by Justice Carter



O P I N I O N



 Lahoward D. Chew appeals his conviction for assault-family violence, a class A
misdemeanor. Chew pled not guilty. The jury found Chew guilty as charged in the information and
assessed punishment at 180 days in jail and a $2,000.00 fine. On appeal, Chew contends the
evidence is factually and legally insufficient to support his conviction.

I. Witness Testimony at Trial

 The victim, Rhonda Gaines, testified at trial that she and Chew had been dating for eight
years but were not married. According to her testimony, she and Chew had lived together for some
time before July 25, 2001. On that date, Chew and Gaines were arguing in the kitchen when Chew
grabbed her upper arm with his hand. "It stung, but it wasn't, you know, no powerful thing." Gaines
also told the jury Chew hit her in her arm using his fist. The hit stung, not badly, but did cause
physical pain. Gaines eventually broke free from Chew's grasp and walked away. Chew followed
and grabbed her neck using one hand. Gaines' son saw the couple arguing, went next door, and
called police. The couple headed upstairs, steadily "arguing and tussling" according to Gaines. The
two later heard a knock at the door. Chew went downstairs, looked out a window, and saw police
officers at the door. Chew then returned upstairs, angry; he accused Gaines of calling the police. 
The police knocked again, and Gaines stepped down toward the door. As Gaines headed downstairs,
Chew grabbed her arm. According to Gaines, she jumped away from Chew, fell down the stairs, and
cut her bottom lip on the downstairs wall. Gaines then opened the door to the police. She initially
told police (in a loud voice so that Chew could hear) that no one was there. Gaines then whispered
to the officers that Chew was upstairs. 

 Officer Michael Freeman of the Mesquite Police Department also testified at trial. He told
the jury that, on his arrival at Gaines' home, Gaines met the officers at the door and told them Chew
was in the attic. Freeman also testified that Gaines said Chew had struck her in the mouth. Freeman
observed Gaines with a "busted" lip. The officers ultimately found Chew hiding in the attic. 
"[Chew] was handcuffed immediately after we got him out of the attic, because we were not sure
what was going on. We knew [Gaines] was downstairs and had said that [Chew] had hit [Gaines]
and was in the attic." 

II. Standard of Review

 In our review of the legal sufficiency of the evidence, we employ the standards set forth in
Jackson v. Virginia, 443 U.S. 307, 319 (1979). The Court examines the relevant evidence in the
light most favorable to the verdict and determines whether any rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt. Johnson v. State, 23 S.W.3d 1, 7
(Tex. Crim. App. 2000). In our review, we must evaluate all the evidence in the record, both direct
and circumstantial, whether admissible or inadmissible. Dewberry v. State, 4 S.W.3d 735, 740 (Tex.
Crim. App. 1999). This evidence is then measured against the hypothetically correct jury charge. 
Gollihar v. State, 46 S.W.3d 243, 257 (Tex. Crim. App. 2001); Malik v. State, 953 S.W.2d 234, 239
(Tex. Crim. App. 1997). The hypothetically correct jury charge is one that accurately sets forth the
law, is authorized by the indictment, and does not raise unnecessarily the State's burden of proof or
restrict the State's theory of liability while still adequately describing the crime for which the
defendant is being tried. Malik, 953 S.W.2d at 240.

 In conducting a factual sufficiency review, we view the evidence in a neutral light
and set aside the verdict only if the evidence supporting guilt is so obviously weak,
or the contrary evidence so overwhelmingly outweighs the supporting evidence, as
to render the conviction clearly wrong and manifestly unjust. Johnson, 23 S.W.3d
at 11. While a reviewing court has some authority to disregard evidence that
supports the verdict, it must be appropriately deferential so as to avoid substituting
its own judgment for that of the fact finder. Wesbrook v. State, 29 S.W.3d 103, 112
(Tex. Crim. App. 2000), cert. denied, 532 U.S. 944 (2001). The reviewing court
should not substantially intrude upon the jury's role as the sole judge of the weight
and credibility of witness testimony.


Ortiz v. State, No. 73692, 2002 WL 31116634, at *5 (Tex. Crim. App. Sept. 25, 2002).

III. Analysis - Legal Sufficiency

 Chew contends the evidence is legally insufficient to show he caused bodily injury to Gaines. 
A person commits the offense of assault against a family member if that person (1) intentionally,
knowingly, or recklessly, (2) causes bodily injury, (3) to another, and (4) that person is a family
member as defined by the Texas Family Code. Tex. Pen. Code Ann. § 22.01(a)(1) (Vernon Supp.
2003). "Bodily injury" is defined as "physical pain, illness, or any impairment of physical
condition." Tex. Pen. Code Ann. § 1.07(a)(8) (Vernon 1994). The term "family violence" means
"an act by a member of a family or household against another member of the family or household
that is intended to result in physical harm, bodily injury, assault, or sexual assault . . . ." Tex. Fam.
Code Ann. § 71.004 (Vernon 2002). A "household" is "a unit composed of persons living together
in the same dwelling, without regard to whether they are related to each other." Tex. Fam. Code
Ann. § 71.005 (Vernon 2002).

 The information in this case alleged Chew did "intentionally, knowingly and recklessly cause
bodily injury to another, namely: Rhonda Gaines, hereinafter called complainant, by striking
complainant's head and arm with defendant's hand, and by choking complainant, and by pushing
complainant." 

 The hypothetically correct jury charge, as authorized by the information, would have allowed
for a conviction if Chew did any of four things: (1) intentionally, knowingly, or recklessly caused
bodily injury to Gaines by hitting her in the head; (2) intentionally, knowingly, or recklessly caused
bodily injury to Gaines by striking her arm; (3) intentionally, knowingly, or recklessly caused bodily
injury to Gaines by choking her; or (4) intentionally, knowingly, or recklessly caused bodily injury
to Gaines by pushing her. See Malik, 953 S.W.2d at 240 (hypothetically correct jury charge is one
that accurately sets forth the law and is authorized by the indictment or information); Kitchens v.
State, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991) (if indictment charges alternative theories of
offense in conjunctive, trial court may charge disjunctively and allow general verdict).

 Officer Freeman testified that Gaines stated Chew struck her in the lip, causing her lip to
bleed. Freeman observed Gaines' bleeding lip. Gaines, in her testimony, denied that Chew had
struck her mouth, but did state that Chew hit her in the arm, which "stung." "Stung" is the past tense
form of the verb "sting." The Random House Dictionary of the English Language 1889 (2d
ed. 1987). "Sting" means "to affect painfully or irritatingly as a result of contact . . . to cause to smart
or to cause a sharp pain." Id. at 1871. Gaines also stated Chew choked her.

 Based on the evidence presented at trial, when viewed in the light most favorable to the
verdict and evaluated under the hypothetically correct jury charge, a reasonable jury could find each
element of the offense proven beyond a reasonable doubt. There is evidence that Gaines and Chew
lived together at the time of the incident. There is evidence that Chew struck Gaines in her mouth. 
Freeman observed the "busted" lip. There is evidence that Chew hit Gaines in the arm and grabbed
her arm several times. The hit and the grab "stung," presumably causing some degree of physical
pain. There was also evidence Chew choked Gaines. Therefore, the evidence shows Chew
(1) intentionally, (2) caused bodily injury by striking or choking, (3) Gaines, (4) who was a "family"
or "household" member as defined by the Texas Family Code. 

 Additionally, in his brief to this Court, Chew wrote the following: "Thus, while there is
undoubtedly legally sufficient evidence to support a finding of 'bodily injury' in Gaines suffering a
split lip, Appellant will now demonstrate that the evidence was so factually insufficient regarding
such a finding as to render it manifestly wrong and unjust." The State's brief properly notes this as
a concession that Chew's first point of error lacks merit. Chew's first point of error is overruled.

IV. Analysis - Factual Sufficiency

 In his second point of error, Chew contends the evidence is factually insufficient because the
evidence does not overwhelmingly show Chew caused Gaines' cut lip. Gaines testified that Chew
did not hit her in the mouth and that she "busted" her lip when she fell down the stairs. The police
report also contains no mention of the other assaultive conduct by Chew (the grabbing or hitting of
Gaines' arm). Chew contends that, because Gaines denied at trial being struck in the mouth by Chew
and because the police report lacks recordation of the other assaults, the evidence is inherently
insufficient. 

 The State responds by writing, "Appellant's arguments as to the weight or conflicts in witness
testimony regarding appellant's intent or bodily injury are meritless because such are merely attacks
on credibility." While the State fails to cite any authority for this proposition, it is nonetheless
correct. See Fuentes v. State, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999) (when faced with
conflicting evidence, appellate court should presume trier of fact resolved conflict in favor of
prosecution); Bradford v. State, 997 S.W.2d 684, 686 (Tex. App.-Texarkana 1999, no pet.) ("[W]e
must give due deference to the jury's assessment of the credibility of the witnesses and the weight
to be given their testimony."); Paez v. State, 995 S.W.2d 163, 166 (Tex. App.-San Antonio 1999,
pet. ref'd) ("As to conflicting versions of fact, these conflicts are for the jury to decide.").

 First, the evidence supporting a finding that Chew struck Gaines in the mouth is not "so
obviously weak, or the contrary evidence so overwhelmingly outweighs the supporting evidence, as
to render the conviction clearly wrong and manifestly unjust." The jury was free to disbelieve that
portion of Gaines' testimony where she stated Chew did not strike her in the mouth. They were also
free to accord greater weight to Officer Freeman's testimony that Chew did strike Gaines in the
mouth. Such decisions by the jury would not be against the great weight of the evidence presented
at trial and are consistent with the verdict. Second, there is no evidence in the record contradicting
Gaines' assertion that Chew hit her in the arm while in the kitchen and that this "stung." Nor is there
any evidence that refuting Gaines' claim that Chew choked her. Accordingly, we find the evidence
is factually sufficient to support the judgment of the trial court. Chew's second point of error is
overruled.

 We affirm the trial court's judgment.


 Jack Carter

 Justice


Date Submitted: January 16, 2003

Date Decided: January 27, 2003


Do Not Publish